## IN THE MATTER OF THE GUARDIANSHIP OF THE MINOR HEIRS OF RAILSBACK.

1. **Practice:** GUARDIANSHIP: SETTLEMENT WITH GUARDIAN. Where objections are filed to the report of a guardian, and a trial had thereon, such proceedings are at law, and the decision of the court stands as the verdict of a jury.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, OCTOBER 6.

IN answer to a citation, David Bare, guardian, made a report to the court in March, 1879, as to the condition of the estate. He stated, among other things, that at the time he made a previous report he had in his hands, as guardian, a certain amount of assets belonging to his wards, among which was a note on one Devin, secured by mortgage on real estate, which, since that time, he had caused to be foreclosed, and the mortgaged premises to be sold, and he had purchased the same, in his name, as guardian, for the amount of the debt, interest, and costs. That he was ready and willing to assign and surrender the certificate of purchase to his wards, and asked his action in the premises be approved, and that he be discharged.

To this report the minors, who had reached their majority, filed objections. They stated their said guardian had loaned Devin $1,200, and as security therefor had taken a mortgage on twenty acres of land, and that such security was inade-

quate.    In addition to which, they stated Devin was solvent when the interest became due, and the guardian failed to collect the same, and permitted it to accumulate, and allowed the premises to be sold for taxes.

They expressed a willingness to take the land at what it was fairly worth, and asked that the guardian should account between that amount and what he bid therefor at the sheriff's sale.

Trial to the court, and from the order made the minors appeal.

*T. J. Boltz* and *W. H. C. Jaques*, for appellants.

*H. B. Hendershott*, for appellee.

SEEVERS, J.—The only material question presented for determination is whether the guardian "exercised the same
1. PRACTICE: care and management of the affairs of his wards
guardian-
ship: settle-   that any prudent man would exercise over his
ment with
guardian.    own affairs," which, the appellants insist, is the
rule.

This depends upon the question whether the security taken was sufficient.    If the security was sufficient when taken, and so continued, the appellants were in no manner injured by the accumulation of the interest.

The appellee insists this action is at law, and as such was tried in the Circuit Court.    Therefore, the finding of said court has the force and effect of a verdict of a jury, and that the evidence was conflicting and, therefore, we cannot interfere with the order of the Circuit Court.

This position is correct.    The evidence in relation to the value of the land when the mortgage was taken, and at the trial, was conflicting.    There was evidence upon which the judgment below can be supported.    Therefore, under the well established rule, we cannot interfere with the finding and order of the Circuit Court.

AFFIRMED.